### JOHN S. HOYMAN v. JOHN V. BEVERSTOCK ET AL.

1. IN ATTACHMENT, INTENTION TO DEFRAUD, MUST BE SHOWN.

Attachment being an extreme remedy, the attaching creditor must bring his case fairly within the statute, and where the ground for the attachment is that the debtor has disposed of his property with intent to defraud his creditors, an *intention* to defraud must be shown. *Rolling Mill Co.* v. *Packard*, 1 Ohio Circ. Dec., 46, followed.

**2. REVIEWING COURTS OTHER THAN THE SUPREME MAY EXAMINE WEIGHT OF EVIDENCE TO JUSTICE'S REFUSAL TO DISCHARGE ATTACHMENT.**

It is competent for the court of common pleas, upon petition in error, to reverse the order of a justice of the peace refusing to discharge an attachment, to look into a bill of exceptions allowed by the justice, showing all the evidence, for the purpose of determining whether such order of the justice was sustained by sufficient evidence.

ERROR to the Court of Common Pleas of Wood county.

BENTLEY, J.

On June 16, 1893, Mr. Hoyman began an action to obtain a personal judgment against the defendant, Mr. Beverstock, and obtain an attachment upon which certain property was attached. Afterwards Mr. Beverstock presented a motion before the justice of the peace for an order discharging the attachment, on the ground that the statements in the affidavit for the attachment were untrue, as well as on the ground that said affidavit was insufficient. The creditor sought and obtained leave from the justice to file an amended affidavit for attachment and filed such amended affidavit. The motion coming on for hearing, still upon the application to discharge the attachment, evidence was introduced both by way of affidavit and by way of oral examination of witnesses, under oath, by both parties. The justice, upon the final hearing of that motion, refused to discharge the attachment; a bill of exceptions, showing the evidence, was allowed, and a petition in error being filed in the court of common pleas, that court found, upon the facts found in the bill of exceptions, that the conclusion of the justice was erroneous, that the attachment should have been discharged, and ruled accordingly.

This action is brought here in the circuit court to reverse the judgment of the court of common pleas, and the same bill of exceptions is before us.

It is held in the case of *Rolling Mill Co.* v. *Packard*, 1 Ohio Cir. Dec , 46, that an attachment is an extreme remedy, and the attaching creditor must bring his case within the letter of the law to get "the strong arm of the court" to take the property of the debtor from his possession before judgment.

We are disposed to follow that rule of the circuit court, and to examine this record with reference to finding whether or not it presents facts showing sufficiently that Mr. Beverstock intended by the action which was charged against him to commit a fraud upon his creditors. It is said that a circuit court has held that the circuit court has no power to and will not look into a bill of exceptions in such a case, for the purpose of ascertaining whether the order of the justice was sustained by sufficient evidence or not, and it quotes the case found in the *Seville* v. *Wagner*, 46 O. S., 52, as holding that the record ought not to be looked to for such a purpose. As was stated by the counsel who called our attention to it, it was evidently an inadvertence on the part of the circuit court in so holding. It rested its decision upon *Seville* v. *Wagner, supra.* In that case the Supreme Court was determining the case under its rules of practice, and under the statute applicable to it alone, being that section which provides, in substance, that the Supreme Court will not be required to look into a record for the purpose of determining any question on the weight of evidence.

The Supreme Court held that it would not in that case go into that question. No such definite law, and no such definite rule applies to the circuit court, and we think it is as entirely competent for the circuit court to look into the bill to determine that question, as it was for the common pleas to inspect it for the same purpose. The record simply presents this question: Whether these affidavits and this testimony, fairly considered, sufficiently indicated that Mr. Beverstock attempted to commit a fraud against his creditors with respect to his property, and justified the beginning and sustaining of an attachment against his property. The common pleas court thought the record did not so show, and without reviewing the testimony in great detail, we think that the judgment of the common pleas court was correct on the subject, and that of the justice erro-

neous. I will merely refer to the one circumstance which seemed to be regarded by counsel as the one most indicating such fraud.

Mr. Beverstock having a banking institution at Pemberville, in this county, became hard pressed and unable on a certain day to pay his depositors. Some time prior to that he had received from a lady, a relative of his wife, $350, in money, for which he issued and sent to her a certificate of deposit in the bank. This was some time, perhaps about a year, previous to the action I have spoken of. It is shown that at this time she told him that if at any time there was a difficulty liable to happen as to her geting the money, she wanted that he should send her the money. Whether she apprehended any difficulty or not is not shown, but it seems that a few days prior to the attachment suit, she sent him by mail this certificate of deposit for $350, and requested that he send her the money. He put it in his pocket, and being in the bank, and having it with him, and having on deposit in this bank a draft for $350, he took the certificate of deposit which she had sent him, placed it upon the wire as redeemed and canceled, took the $350 draft and put it in his pocket, for the purpose, as he says, of sending it to her, and had it in his pocket at the time this attachment was begun, not having had opportunity, up to that time, to send it to her, but so far as his intention goes, he had appropriated it for that purpose.

The question presented here is whether that was necessarily a fraudulent transaction—an act done with intent to defraud; and looking over the whole testimony as to the transactions of the day, and taking them all into consideration, we think the court of common pleas was justified in finding that there was no such intent. It does not necessarily follow that the draft is the property of the lady mentioned, nor that it should not go to the assignee of Mr. Beverstock. We make no finding and express no opinion as to that, and are not called upon to do so. We simply think that it did not indicate a fraudulent act which would sustain an attachment of the man's property.

Judgment of the common pleas court will be affirmed, with the usual judgment for costs on error.

*Baldwin & Harrington*, for plaintiff in error.

*T. N. Bierly*, for defendants in error.

---

## NUNC PRO TUNC ENTRY—BILL OF EXCEPTIONS.